UNITED STATES, Appellee

v.

MARVIN C. WRAY, Private First Class, U. S. Army, Appellant

2 USCMA 26, 6 CMR 26

No. 1307

Decided October 10, 1952

LT. COL. James C. Hamilton, USA, and 1ST LT. James A. Hagan, USA, for Appellant.

CAPT. Irvin M. Kent, USA, for Appellee.

## Opinion of the Court

PER CURIAM:

The accused was tried by general court-martial for the offenses of assault with intent to commit murder and violation of a lawful regulation, violations of Articles 134 and 92 of the Uniform Code of Military Justice, 50 USC §§ 728 and 686. He was found not guilty of the latter charge. As to the assault with intent to commit murder charge, by exceptions and substitutions the court returned a. finding of guilty of assault with intent to commit voluntary manslaughter. He was sentenced to dishonorable discharge, total forfeitures and confinement at hard labor for five years. The convening authority and the board of review affirmed the findings and sentence without modification. Appellant has petitioned for grant of review.

The evidence discloses that the incident involved herein occurred late at night and while the accused was in an extreme state of intoxication. In quest of more liquor with one Carrillo, accused became entangled in a barbed wire fence. At this point Carrillo noted the approach of a figure, called this fact to the accused's attention, whereupon the latter immediately raised his carbine and fired one or more shots inflicting a wound upon the victim. The accused testified that he was so drunk he could not recall firing the rifle.

The offense charged and the offense of which accused was found guilty require a finding of specific intent. However, the law officer failed to apprise the court members that intoxication may be legally considered as affecting mental capacity to entertain a specific intent. Had they been so instructed they could have returned a finding of guilty of that lesser offense which requires no specific intent, i.e., assault with a dangerous weapon. We have held instructions to be inadequate in a case involving a similar omission. United States v. Drew (No. 422), 1 USCMA 471, 4 CMR 63, decided July 23, 1952. Since the maximum confinement which may be imposed for the offense of assault with a dangerous weapon is three years. it is clear the accused was prejudiced.

The petition is granted and the decision of the board of review is reversed. The record of trial is legally sufficient to support a finding of guilty of an assault with a dangerous weapon which will not permit confinement in excess of three years. The record is returned to The Judge Advocate General of the Army for reference to the board of review for reconsideration of the sentence or other action not inconsistent with this opinion.